IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

COURTNEY SALES

      Plaintiff
  VS.

VAN PEAVY, SHERIFF, *et al*.,

      Defendants

NO. 5:09-CV-42 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court are two motions seeking summary judgment filed by defendants Debbie Futch and Van Peavy. Tab #19 and Tab #20. These motions are supported by briefs, statements of material facts, affidavits, and several exhibits. Plaintiff Courtney Sales has responded to the motions. Tab #29 and Tab #30. The motions are now ripe for review.

## FACTUAL BACKGROUND

The facts, taken in the light most favorable to plaintiff Sales, are as follows: Plaintiff was incarcerated at the Dooly County Jail from October 2, 2008 through May 13, 2009. Upon arriving at the jail, he was suffering from a toothache. On October 8, 2008, he filed a sick call request seeking medical attention for the toothache. The following day, he was examined by defendant Futch who prescribed a seven (7) day course of twice daily 400mg Motrin for the pain. On October 14, 2008, during a routine physical assessment, plaintiff was examined by defendant Futch. During the dental portion of the examination, defendant Futch did not observe any cavities or other oral abnormalities in the plaintiff's mouth. On December 15, 2008, plaintiff Sales submitted a sick call request complaining of cold-like symptoms. The following day, when defendant Futch asked that the plaintiff be brought to medical for evaluation, plaintiff refused. On January 10, 2009, plaintiff filed a sick call request seeking treatment for a headache. After an evaluation by LPN Elaine McBryant, he was prescribed a three (3) day course of twice daily 400mg Motrin.

On January 25, 2009, plaintiff Sales presented to the medical department complaining of a toothache. He was evaluated by LPN Julie Walker. Following the evaluation, LPN Walker contacted Medical Director Dr. Walter Smith and obtained orders to provide the plaintiff with a topical pain medication (Orajel) as well as another five (5) day course of twice daily 400mg Motrin. In addition, Dr. Walker ordered that the plaintiff be scheduled for the first available appointment with the off-site dentist used by the jail. The off-site dentist was contacted, and plaintiff was scheduled for the first available appointment — February 26, 2009.

On February 10, 2009, plaintiff returned to the medical department complaining of a toothache. After another evaluation, defendant Futch ordered a continued course of twice daily 400mg Motrin lasting until the scheduled dental appointment. On February 26, 2009, plaintiff was transported to the off-site dentist. He returned to the jail with a note indicating that tooth #31 had been extracted without incident. The dentist also prescribed antibiotics and pain medication. The prescribed treatments were provided to the plaintiff by the jail medical staff. In addition, the plaintiff was offered a temporary diet of soup; however, plaintiff refused the dietary accommodation.

On March 12, 2009, the plaintiff submitted a sick call request complaining of jaw pain. On March 14, 2009, the same day she received the plaintiff's request, defendant Futch saw the plaintiff and then referred him to mid-level provider LPN-C Rachel Etheridge. LPN-C Etheridge determined that he needed to return to the dentist and, in the meantime, prescribed Orajel and twice daily 800mg Motrin. Defendant Futch then contacted the off-site dentist and scheduled the plaintiff for the first available appointment - March 18, 2009.

On March 18, 2009, plaintiff Sales was transported to the off-site dentist. He returned with a note indicating that tooth #18 had been extracted without incident. In addition, the dentist prescribed antibiotics and pain medication. The prescribed treatments were provided to the plaintiff by the jail medical staff. Thereafter, and up until the time the plaintiff left the Dooly County Jail, he did not submit any further sick call requests.

## LEGAL STANDARDS

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
> > *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
> >
> > > *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
> > >
> > > *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
> > >
> > > *(C) the movant may file a reply within 14 days after the response is served.*
> >
> > *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

### MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). To establish deliberate indifference, the plaintiff must show three things: 1) that the government official had subjective knowledge of a risk of serious harm; 2) that the government official disregarded the risk; and 3) the government official did so by conduct that is more than gross negligence. *See Blanchard v. White County Detention Ctr. Staff*, 262 Fed. Appx. 959, 963 (11th Cir. 2008).

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston,* 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

In addition, delays in access to medical attention can constitute a violation of the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment. Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, Slip Opinion Nos. 92-8854 and 9318, at 781-87 (11th Cir. Dec. 27, 1994) (emphasis added).

## DISCUSSION

In his Complaint, plaintiff Sales contends that the defendants violated his constitutional rights. The manner in which the defendants allegedly did so was by subjecting him to an unconstitutional delay in, and deprivation of, medical treatment for his serious dental conditions. More specifically, the plaintiff alleges that the defendants repeatedly ignored his sick call requests and told him that he would have to wait until he returned to prison to receive the necessary dental services. In view of these actions, plaintiff seeks a court order directing the defendants to "get him to a doctor immediately to have the proper surgery done and the proper medication to alleviate the pain" as well as five-hundred-thousand-dollars ($500,000) to compensate for his pain and suffering.

In response, and in support of their motions seeking summary judgment, the defendants have submitted a number of materials including affidavits and copies of pertinent medical records. These materials clearly indicate that the defendants were not deliberately indifferent to the plaintiff's serious medical needs. Instead, the materials show that the plaintiff was *repeatedly* treated in accordance with constitutional standards. In his response, plaintiff Sales has provided nothing of substance to rebut the defendants' showing or to support his contentions that the medical treatment that the defendants provided him with was inadequate.

Accordingly, and since it appears that the defendants are entitled to judgment as a matter of law, **IT IS RECOMMENDED** that the defendants' MOTIONS FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 25th day of FEBRUARY, 2010.



　　　　　　　　　　　　　　　　　　　　　CLAUDE W. HICKS, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE